Form G-3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 25-15304 |
| DARRELL DUNNING | ) | |
| | ) | Chapter 13 |
| | ) | Honorable David D. Cleary |
| | ) | Kane |
| | ) | |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on November 6, 2026, at 9:30AM, I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 **or** electronically as described below, and present the motion of Oakhurst Community Association, Inc. for **MOTION FOR RELIEF FROM STAY PURSUANT TO SECTION 362 AND FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO SECTION 1301 OF THE BANKRUPTCY CODE**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 122 6457, and the passcode is Cleary644. The meeting ID and passcode can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/Amy E. Olson
COSTELLO SURY, P.C.
One Lincoln Centre, Suite 1670
Oakbrook Terrace, IL 60181
aolson@csrlawfirm.com

**CERTIFICATE OF SERVICE**

I, Amy E. Olson certify under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on this list on October 26, 2026, at 5p.m.

/s/ Amy E. Olson
[Signature]

**Service List**

Shirley Ann Dunning and Darrell Dunning
333 Abington Woods Drive
Aurora, IL 60504

*By 1st Class mail, Deposited in the U.S. Mail at Oakbrook Terrace, IL with proper postage pre-paid*

Glenn B. Stearns
801 Warrenville Road Suite 650
Lisle, IL 60532

*By ECF Electronic delivery*

Adam G. Brief
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, Illinois 60604

*By ECF Electronic delivery*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| DARRELL DUNNING | ) | No. 25-15304 |
| | ) | Chapter 13 |
| | ) | Honorable David D. Cleary |
| | ) | Hearing Date: 11/6/2026 at 9:30AM |
| | ) | KANE |

**MOTION FOR RELIEF FROM STAY PURSUANT TO SECTION 362 AND FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO SECTION 1301 OF THE BANKRUPTCY CODE**

NOW COMES a certain creditor, OAKHURST COMMUNITY ASSOCIATION, INC., by and through its attorneys, COSTELLO SURY, P.C., and in support of its Motion for Relief from Stay, states as follows:

1. That the creditor is Oakhurst Community Association, Inc., an Illinois not-for-profit corporation and homeowners/condominium association.

2. That the Debtor(s), Darrell Dunning, (hereinafter referred to as “Debtor(s)”) and the non-filing Shirley Dunning (hereinafter referred to as “Co-Debtor(s)”) own residential real estate that is part of the Oakhurst Community Association, Inc., specifically, the property located at 333 Abington Woods Drive, Aurora, IL 60504.

3. That pursuant to Oakhurst Community Association, Inc.’s governing documents, which have been recorded with the Recorder of Deeds, a lien attaches to the property of the Debtor(s) and Co-Debtor(s) to secure unpaid assessments and other obligations arising out of ownership of a unit under the jurisdiction of Oakhurst Community Association, Inc..

4. That the ownership of the property at Oakhurst Community Association, Inc. obligates the Debtor(s) and Co-Debtor(s) to pay assessments to Oakhurst Community Association, Inc..

5. That since the filing of the Chapter 13 petition on October 4, 2025, the Debtor(s)

and Co-Debtor(s) have failed to remain current on their post-petition obligation to pay assessments to Oakhurst Community Association, Inc..

6. That, accordingly, beginning on January 1, 2026 through the filing of this Motion, the Debtor(s) and Co-Debtor(s) failed to pay the amount of $502.50 in post-petition assessments, late fees, and fines to Oakhurst Community Association, Inc. Additionally, Oakhurst Community Association, Inc. has incurred $700.00 in attorney's fees and $199.00 in court costs as a result of the failure of the Debtor(s) and Co-Debtor(s) to remain current on their post-petition obligation to the Association. Collection of said attorney's fees and court costs is authorized by the Association's Declaration.

7. That the total amount due through the filing of this Motion for post-petition assessments, late fees, fines, attorney's fees, and court costs is $1,401.50.

8. That pursuant to Section 362 of the Bankruptcy Code, Oakhurst Community Association, Inc. moves this Court for entry of an order modifying the automatic stay arising as a result of the Chapter 13 filing.

9. That Oakhurst Community Association, Inc. is entitled to relief from the automatic stay so it may initiate collection proceedings against the Debtor(s) and Co-Debtor(s) for the assessments and other charges that became due and owing after the Chapter 13 filing.

10. That Oakhurst Community Association, Inc. is entitled to relief from the automatic stay for the following reasons:

a. The Debtor(s) materially defaulted under the terms of the Declaration;

b. There is currently a continuing increase in the total indebtedness chargeable against the real estate for payment of assessments and other charges due under the Declaration which result in Oakhurst Community Association, Inc. being deprived of adequate protection of its interest in the real estate; and

c. The subject real estate is not necessary for a successful reorganization of the Debtors.

11. That Oakhurst Community Association, Inc. is entitled to relief from the co-debtor stay for the following reasons:

a. The assessments that are the subject of this Motion are post-petition and thus not proposed to be paid through Debtor's chapter 13 plan; and

b. Oakhurst Community Association, Inc.'s interest would be irreparably harmed by continuation of the stay due to the continuing increase in the total indebtedness chargeable against the real estate for payment of assessments and other charges due under the Declaration.

12. That Oakhurst Community Association, Inc. requests waiver of the 14-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Creditor, OAKHURST COMMUNITY ASSOCIATION, INC., prays this court enter an order modifying the stay permitting OAKHURST COMMUNITY ASSOCIATION, INC., to initiate collection proceedings of all post-petition association assessments due from the Debtor(s), DARRELL DUNNING, and Co-Debtor(s), SHIRLEY DUNNING, as a result of the ownership of the premises described herein, and for any such other and further relief as this court deems just and equitable within the premises.

OAKHURST COMMUNITY ASSOCIATION, INC.

By: Amy E. Olson
One of its attorneys

ARDC#: 6304972
Amy E. Olson
**COSTELLO SURY, P.C.**
One Lincoln Centre, Suite 1670
Oakbrook Terrace, Illinois 60181
(630) 690-6446
aolson@csrlawfirm.com